UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD DESANTO and** : | **CIVIL ACTION** |
| **KAREN MCGEENEY** : | |
| **52 Edgely Lane** : | **JURY TRIAL DEMANDED** |
| **Willingboro, NJ 08046** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | **C.A. NO.** |
| : | |
| **ABC CONSTRUCTION CO., INC.** : | |
| **714 Dunksferry Road** : | |
| **Bensalem, PA. 19020** : | |
| : | |
| **Defendant.** : | |

## CIVIL ACTION - NEGLIGENCE
## 2V-MOTOR VEHICLE

1. Plaintiffs are adult individuals residing at the above-captioned address and citizens of the State of New Jersey.

2. Defendant is a Pennsylvania Corporation having its primary place of business at the above-captioned address and a citizen of the Commonwealth of Pennsylvania.

3. This Court has original jurisdiction over this matter based on 28 U.S.C. Section 1332 relating to the diversity of citizenship of the parties. The amount in controversy exceeds (exclusive of interest and costs) the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is proper in this Court under 28 U.S.C. Section 1391(a) because a substantial portion of the events and conduct giving rise to this claim occurred in the Eastern District of Pennsylvania.

5. On or about August 8, 2028, at approximately 4:00 p.m., Plaintiff Donald DeSanto was operating his motor vehicle on Street Road in Bensalem, PA with Plaintiff Karen McGeeney as a passenger.

6. At the same time and place Defendant by its employee and agent Scott R. Adaire was operating a motor vehicle owned by defendant also on Street Road in Bensalem, PA.

7. Defendant's vehicle struck Plaintiffs' vehicle in the rear causing injuries described below.

8. The aforementioned collision was caused by the carelessness and negligence of Defendant and/or its employee and agent, Scott R. Adaire and not by any act or omission of Plaintiffs.

9. Plaintiffs are considered "Full Tort".

10. The negligence of Defendant's agent Adaire consisted of the following:

   a) Operating the motor vehicle without due regard for the right, safety and position of Plaintiffs;

   b) Operating the motor vehicle at a high and/or excessive rate of speed under the circumstances;

   c) Failing to have the motor vehicle under proper and adequate control under the circumstances;

   d) Failing to keep a proper and adequate lookout;

   e) Failing to observe plaintiffs before contact;

   f) Failing to warn persons, such as Plaintiffs of his approach;

   g) Failing to yield the right-of-way to Plaintiffs;

   h) Failing to pay proper and adequate attention to the roadway and/or traffic conditions; and

   i) Violating 75 Pa.C.S.A. §§3310 and 3361.

11. Defendant is liable to plaintiffs for the act and/or omission of its agent Adaire under the principle respondeat superior.

12. The negligence of defendant consisted of the following:

    a) Negligently entrusting the vehicle in question to Scott R. Adaire who was known to said defendant as having a propensity for negligent operation of a vehicle;

    b) Negligently entrusting the vehicle in question to Scott R. Adaire who was known to Defendant as being inexperienced, unqualified, untrained, and/or inadequately trained in the operation of such vehicles, particularly under the circumstances;

    c) Failure to properly inspect and/or maintain said vehicle;

    d) Compelling its agent Scott R. Adaire to work excessive hours and operate its commercial vehicle without sufficient rest; and

    e) Allowing and/or acquiescing in its agent Scott R. Adaire operating its commercial vehicle without sufficient rest.

## COUNT I
## PLAINTIFF DONALD DESANTO vs DEFENDANT

13. Plaintiff hereby incorporates paragraphs one through twelve (1-12) as though fully set forth herein.

14. As a result of the carelessness and negligence of Defendant, Plaintiff Donald DeSanto sustained and suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of his body, including without limitation of the foregoing strains and sprains of his cervical and lumbar spine, and other secondary problems and

complications, the full extent of which are not yet known and some or all of which may be permanent in nature.

15. As a result of the carelessness and negligence of Defendant, Plaintiff Donald DeSanto has in the past been prevented and in the future may be prevented and precluded from attending to his normal duties, occupations and avocations; in addition he has suffered and may in the future continue to suffer pain, inability to engage in his normal activities and inability to pursue the normal and ordinary pleasures of life.

16. As a result of the carelessness and negligence of Defendant, Plaintiff has in the past required and may in the future continue to incur expenses for medications, and medical care and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure his conditions.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with lawful interest and costs.

## COUNT II
## PLAINTIFF KAREN MCGEENEY vs DEFENDANT

17. Plaintiff hereby incorporates paragraphs one through sixteen (1-16) as though fully set forth herein.

18. As a result of the carelessness and negligence of Defendant, Plaintiff Karen McGeeney sustained and suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of her body, including without limitation of the foregoing strains and sprains of her right shoulder, cervical and lumbar spine, and other secondary problems and complications, the full extent of which are not yet known and some or all of which may be permanent in nature.

19. As a result of the carelessness and negligence of Defendant, Plaintiff Karen McGeeney has in the past been prevented and in the future may be prevented and precluded from attending to her normal duties, occupations and avocations; in addition she has suffered and may in the future continue to suffer pain, inability to engage in her normal activities and inability to pursue the normal and ordinary pleasures of life.

20. As a result of the carelessness and negligence of Defendant, Plaintiff has in the past required and may in the future continue to incur expenses for medications, and medical care and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure her conditions.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with lawful interest and costs.

Respectfully submitted,

_____
**AGOSTINO CAMMISA, ESQUIRE**
I.D. No. 19692
TRICHON, CAMMISA & AXELROD, P.C.
1800 JFK Blvd., Suite 400
Philadelphia, PA 19103
Email: acammisa@tcalawyers.com
(215) 575-7602; (Fax) 215-575-7640
Attorney for Plaintiffs

## VERIFICATION

I, Donald D. Santo am a plaintiff in this action and hereby verify that the attached Complaint is based on first-hand information and/or information furnished to my counsel and/or obtain by him/her. The language of the document is that of counsel. To the extent that the contents of the document are based on information furnished to counsel and/or obtained by him/her, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_Donald DeSanto_

Date: 7/22/20

## VERIFICATION

I, _Karen McGeeney_ am a plaintiff in this action and hereby verify that the attached _Complaint_ is based on first-hand information and/or information furnished to my counsel and/or obtain by him/her. The language of the document is that of counsel. To the extent that the contents of the document are based on information furnished to counsel and/or obtained by him/her, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_[signature: Karen McGeeney]_

Date: _7/22/20_